# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RENFRO, | Case No. 1:17-cv-01069-LJO-SAB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| v. | |
| J.G. BOSWELL CO. INC., et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Christopher Renfro ("Plaintiff") is appearing pro se and in forma pauperis in this action. Currently before the Court is Plaintiff's complaint, filed on August 9, 2017. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70

1

F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

The allegations in Plaintiff's complaint are somewhat vague and confusing, but the Court has set forth the facts to the extent that they are understood. Further complicating Plaintiff's complaint is that he consistently refers to "they" without clarity as to which of the defendants he is referencing and sets forth numerous allegations without clearing indicating if he seeks to bring

a claim based on the allegations.

Plaintiff brings this action against twenty-seven defendants. (Compl. 2-5,[1] ECF No. 1.) The complaint fails to contain any factual allegations as to many of these defendants.

Plaintiff was employed by Youngs Commercial Transfer and was sent with other employees to collect bins of tomatoes harvested from J.G. Boswells Farm. (Compl. 6,) The employees were directed that if they deviated from their route they would be written up and thereafter fired. (Compl. 6.) Plaintiff was exposed to chemicals at J.G. Boswells Farm and on several occasions was sent to retrieve tomatoes when pesticides or herbicides were being applied via aerial application by Erick Hansen. (Compl. 6.) Mr. Hansen owns H & G Farms and Lakeland Aviation. (Compl. 6.) There were several violations of federal law which requires prohibition from entering an area, training, safety equipment and notice of applications and the area had 100 percent saturated exposure. (Compl. 6.)

When Plaintiff complained about being exposed to the chemicals, J.G. Boswells Farm, Hansen, and Youngs Commercial Transfer stated that persons exposed would not be harmed. (Compl. 6.) Plaintiff alleges that when he and his fellow employees went home they exposed their families to the chemicals due to their clothing not being properly washed. (Compl. 6.) Plaintiff further alleges that he was exposed to chemicals in the ground that he was not informed of. (Compl. 6.) The Kings County Department of Agriculture was informed and took no action. (Compl. 6.)

A year later, one of Plaintiff's co-workers, who was already very sick from chemical exposure, had a heart attack and died. (Compl. 6.) Plaintiff had the same symptoms of blood in his urine and vomiting. (Compl. 6.) A complaint was made and no response was received. (Compl. 6.) The inspectors stated it was too late at night for them to go and take sample swabs of affected vehicles. (Compl. 6.) The driver complained of not being able to breath and that the saturation was so bad that they could not see out of their windows. (Compl. 6.) The applicator stated that it would not hurt you and that the vomiting was just an allergic reaction to the sulfur.

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

(Compl. 6.)  Gary Sailors[2] stated the same thing.  (Compl. 6.)

Plaintiff was battered on several occasions.  (Compl. 6.)  One time a battery occurred in front of Zach Johnson and another time Plaintiff was battered with a pipe by an unknown none-English speaker.  (Compl. 6.)  Plaintiff was suspended and whistle blew regarding drinking and driving truck drivers.  (Compl. 6.)

Plaintiff was put in a truck at 1:00 p.m. with a chemical agent.  (Compl. 6.)  He was forced to absorb the chemical agent when temperatures reached over 110 degrees because he had to keep the air conditioner going or die of heat stroke.  (Compl. 6.)  Plaintiff suffered damage to his right eye and hearing loss.  (Compl. 6.)  Jesse Nunez was informed of the injury.  (Compl. 6.)  Plaintiff was told to go home and come back Monday morning as there was no one to take Plaintiff to the hospital.  (Compl. 6.)

Plaintiff received treatment for three months and was released by Workers Compensation Insurance Ben Barczak.  (Compl. 6.)  Plaintiff's treating doctor ordered an ENT which was denied by Ben Barczak who stated that Jesse Nunez and Youngs Commercial Trucking thought he was faking his injury.  (Compl. 6.)  Plaintiff was later sent to an attorney for National Interstate who told him that if he did not settle they would make it bad for him, deny the claim, and he would receive nothing.  (Compl. 6-7.)  The attorney frustrated the process of Plaintiff receiving care by mailing copies of the letter that Plaintiff sent to them, having the qualified medical examination dismissed, and then having Dr. Leonard and MES Solutions take the qualified medical examination and make false and fraudulent accounts of Plaintiff's medical condition.  (Compl. 7.)

Plaintiff also alleges that someone did not have a business license, is under investigation for business noncompliance due to having no doing business as on file, and is using fraud to cover up their noncompliance.  (Compl. 7.)  They have not released patient records and provided a false report 90 days late that totally misstates Plaintiff's medical conditions and make his injury appear in a false light.  (Compl. 7.)

---

[2] It is unclear whether this is the defendant identified as Larry Sailors earlier in the complaint.  (See Compl. 3.)

Plaintiff was told by Zack Johnson, Tony Cisnerios, Gary Sailors and another individual that he would be accommodated under the Americans with Disabilities Act but he was not. (Compl. 7.) Plaintiff was required to stay and work two extra hours per day, and was not paid for breaks, piece meal or other wages under the Labor Code. (Compl. 7.) Plaintiff was also not paid for several hours of break time as punishment and was promised that if he made it through the tomato season he would have a job but he was terminated. (Compl. 7.) They breached a contract by not paying a bonus. (Compl. 7.)

Plaintiff was written up for time he spent at doctor's appointments and these write ups were not shown to Plaintiff. (Compl. 7.) Plaintiff was written up because an employee of J.G. Boswells Farm was not happy with a driver who did not stop at a stop sign when there was no stop sign. (Compl. 7.) Harassment in the workplace was horrible. (Compl. 7.) The violations of failing to enforce EPA guidelines have resulted in worker's children being born with birth defects, and injury to worker's reproductive and nervous systems, and their total health. (Compl. 7.) Plaintiff states that this case is a transfer from Kings County Superior Court and the Federal Court should adjudicate this action. (Compl. 7.)

The Court finds that the allegations in the complaint fail to state a cognizable claim for a violation of Plaintiff's federal rights. Plaintiff shall be provided with the legal standards that appear to apply to his claims in this action and will be granted an opportunity to file an amended complaint to cure the deficiencies in his complaint.

## III.

## DISCUSSION

Initially, Plaintiff's complaint states that this action is a transfer from Kings County Superior Court and asks that all viable causes of action be adjudicated by this court. (Compl. 7.) The Court takes judicial notice of Christopher E. Renfro, et al. v. J.G. Boswell Company, No. 16C-0241, filed in Kings County Superior Court on August 22, 2016.[3] The case can be accessed from the Kings County Superior Court's website, using the "Smart Search" option. See

---

[3] Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

https://cakingsodyprod.tylerhost.net/CAKINGSPROD.  In that action, Plaintiff filed a notice of removal on March 23, 2017.  Id.  The Court also takes judicial notice that Plaintiff filed a complaint in this court on March 22, 2017, Renfro, et al. v. J.G. Boswell Co. Inc., No. 1:17-cv-00418-LJO-EPG (E.D. Cal. March 22, 2017).  Review of the complaint in the action filed on March 22, 2017 and the complaint in this action shows they are virtually identical.  On July 7, 2017, that action was remanded after Defendant Young's Commercial Transfer Inc. filed a motion to remand.

As Plaintiff was advised in Renfro, et al. v. J.G. Boswell Co. Inc., No. 1:17-cv-00418-LJO-EPG, Plaintiff cannot remove the action from state court to federal court.  See Memorandum Decision and Order re Defendant's Motion to Remand to State Court, ECF No. 12 ("The plain language of § 1446(a) permits only a defendant—not a plaintiff—to remove a case from state court to federal court.  See Progressive West Ins. Co. v. Preciado, 479 F.3d 1014, 1018 (9th Cir. 2007) ("Section 1446, in turn, sets forth the removal procedure for "[a] *defendant or defendants* desiring to remove any civil action . . . from a State court.") (emphasis in original); ASAP Copy & Print v. Canon Bus. Solutions, Inc., 643 Fed. App'x 650, 652 (9th Cir. 2016) ("28 U.S.C. § 1443, like other federal removal statutes, permits removal only by *defendants* in state court actions") (emphasis in original).  Therefore, Plaintiff cannot "transfer" his causes of action filed in state court to this court.

As Plaintiff has filed a complaint in this action alleging violations of federal law that appear to be distinct from the causes of action filed in state court, the Court shall proceed to screening, however, Plaintiff is advised that the similarities of the two actions could result in this action being stayed pending resolution of the state court action.  See e.g., Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).

### A.  Plaintiff Cannot Prosecute this Action on Behalf of Other Individuals

Plaintiff represents that he is bringing this action on behalf of himself and other employees.  To the extent that Plaintiff's complaint seeks relief on behalf of other individuals, pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of other individuals.

See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.' ").

Additionally, Federal Rule of Civil Procedure 23 requires that a party representing a class must be able to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(a). The ability to protect the interests of the class depends on the quality of counsel representing the class members. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). The competence of a layman in representing himself is too limited to allow him to risk the rights of others, therefore, a plaintiff proceeding without the assistance of counsel cannot represent other individuals in a class action. Oxendine, 509 F.2d at 1407. "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class." Huddleston v. Duckworth, 97 F.R.D. 512, 514 (N.D. Ind. 1983). Plaintiff cannot prosecute this action on behalf of other individuals.

### B. Jurisdiction

Plaintiff brings this action and states facts to allege both original and diversity jurisdiction. Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

District courts also have original jurisdiction of all civil actions between citizens of

1  different States in which "the matter in controversy exceeds the sum or value of $75,000,
2  exclusive of interest and costs."  28 U.S.C. § 1332(a).

3      Plaintiff alleges that Defendant Ben Barczak is a citizen of the State of Ohio and National
4  Interstate Insurance is incorporated and has its principal place of business in Ohio.  (Compl. 5.)
5  However, Plaintiff does not state his citizenship or the citizenship of the remaining defendants,
6  many who would appear to be domiciled in California.  Diversity of citizenship requires
7  complete diversity of citizenship and the presence "of a single plaintiff from the same State as a
8  single defendant deprives the district court of original diversity jurisdiction over the entire
9  action."  Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations
10  omitted).

11     Plaintiff has failed to allege that diversity of citizenship exists in this action.  Therefore,
12  Plaintiff must establish federal jurisdiction by alleging a claim that arises under federal law.

13          **C.       Racketeer Influenced and Corrupt Organizations Act**

14     Plaintiff alleges a violation of the Racketeer Influenced and Corrupt Organizations
15  ("RICO") Act due to the denial of his Workmen's Compensation injury and the criminal act of
16  not enforcing EPA guidelines and federal laws to protect workers.  (Compl. 7.)  RICO was
17  passed in 1970 as Title XI of the Organized Crime Control Act, and provides for both criminal
18  and civil liability for certain prohibited activities.  Odom v. Microsoft Corp., 486 F.3d 541, 545
19  (9th Cir. 2007).  To state a civil claim under RICO, "a plaintiff must show '(1) conduct (2) of an
20  enterprise (3) through a pattern (4) of racketeering activity,' " Rezner v. Bayerische Hypo-Und
21  Vereinsbank AG, 630 F.3d 866, 873 (9th Cir. 2010) (quoting Sedima, S.P.R.L. v. Imrex Co.,
22  Inc., 473 U.S. 479, 496 (1985)), with the conspiracy claim being necessarily dependent upon the
23  existence of the substantive RICO violation, Sanford v. Memberworks, Inc., 625 F.3d 550, 559
24  (9th Cir. 2010).

25     Plaintiff must show that the racketeering activity was both a but-for and proximate cause
26  of his injury to have standing to bring a claim.  Hemi Group, LLC v. City of New York, N.Y.,
27  559 U.S. 1, 9 (2010).  To meet the proximate cause requirement there must be "some direct
28  relation between the injury asserted and the injurious conduct alleged."  Rezner, 630 F.3d at 873

1 (quoting Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 268 (1992)). This requires the court

2 to examine the alleged violation to determine if it led directly to plaintiff's injuries. Canyon

3 County v. Syngenta Seeds, Inc., 519 F.3d 969, 982 (9th Cir. 2008).

4 The focus of RICO is racketeering activity which is defined "as a number of specific

5 criminal acts under federal and state laws." 18 U.S.C. § 1961(1); Canyon County, 519 F.3d at

6 972. Two predicate acts within a period of ten years are required to show a pattern of

7 racketeering activity. 18 U.S.C. § 1961(5); Canyon County, 519 F.3d at 972.

8 Based on Plaintiff's complaint, his employer directed him to pick up tomatoes and, on

9 some occasions, Plaintiff drove through or near fields that were being sprayed with herbicides or

10 pesticides. Plaintiff's conclusory allegation of the failure to enforce EPA regulations and federal

11 laws to protect workers does not plausibly allege that any of the named defendants were engaged

12 in an enterprise through a pattern of racketeering activity. Plaintiff's complaint fails to state a

13 plausible claim for a violation of RICO.

14 **D.** **Americans with Disabilities Act**

15 Plaintiff also alleges that he was told by Zack Johnson, Tony Cisnerios, Gary Sailors and

16 another individual that he would be accommodated under the Americans with Disabilities Act

17 but he was not. (Compl. 7.) It is not clear who these individuals are or if they held positions

18 with Plaintiff's employer. (Compl. 3.)

19 The Americans with Disabilities Act ("ADA") prohibits an employer from discriminating

20 against a qualified individual with a disability in regard to terms, conditions and privileges of

21 employment. 42 U.S.C. § 12112(a). The ADA defines "disability" as "(A) a physical or mental

22 impairment that substantially limits one or more of the major life activities of such individual;

23 (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42

24 U.S.C. § 12102(2). A qualified individual is someone "who, with or without reasonable

25 accommodation, can perform the essential functions of the employment position that such

26 individual holds or desires." 42 U.S.C. § 12111(8). "[T]o establish a prima facie case of

27 discrimination under the ADA [a plaintiff] must show that [he]: (1) is disabled; (2) is qualified;

28

and (3) suffered an adverse employment action because of [his] disability.  Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1087 (9th Cir. 2001).

Plaintiff has not alleged any facts by which the Court can reasonably infer that he is disabled.  Plaintiff alleges that he was battered on several occasions, suffered an injury to his right eye and hearing loss, and at some time had blood in his urine and vomiting.  Plaintiff's eye and hearing injury appear to have been covered by Worker's Compensation and Plaintiff was offered a settlement.  However, none of these facts are sufficient to establish that Plaintiff was disabled.

Further, Plaintiff has failed to allege that he was qualified for his job.  It is unclear what Plaintiff's job was or what accommodations he was seeking.  Nor is it clear what adverse employment action Plaintiff is claiming to have suffered due to any discrimination because of a disability.  Plaintiff has failed to state a cognizable claim for a violation of the ADA.

**E.      Fraud**

Plaintiff alleges that someone provided a false report misstating his medical conditions and that there was fraud in concealing the violation of failing to enforce EPA regulations.  While Rule 8 of the Federal Rules of Civil Procedure generally governs whether a complaint states a claim, where a complaint alleges fraud, Rule 9 of the Federal Rules of Civil Procedure applies.  Pursuant to Rule 9, allegations of fraud or mistake, "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9.  This requires Plaintiff to plead with "more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal punctuation and citations omitted).  Further, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.' "  Swartz, 476 f.3d at 764-65 (quoting Haskin v. R.J. Reynolds Tobacco Co., 995 F.Supp. 1437, 1439 (M.D.Fla.1998)).

The vague allegations of fraud in the complaint fail to satisfy the heightened pleading standard of Rule 9.

### F. Environmental Protection Act

Plaintiff alleges violations of the Environmental Protection Act and names the Kings County Department of Agriculture as a defendant stating that the Kings County Department of Agriculture was notified, but does not indicate what that notification entailed, and did nothing about it. (Compl. 6.) There are some vague allegations that the inspectors stated that it was too late at night to take samples of the affected vehicles, but it is unclear what this refers to. (Compl. 6.)

Plaintiff has failed to specify the law that was violated. The Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. §§ 136–136y is a "comprehensive regulatory scheme aimed at controlling the use, sale, and labeling of pesticides."[4] Nathan Kimmel, Inc. v. DowElanco, 275 F.3d 1199, 1204 (9th Cir. 2002); see also Ctr. for Biological Diversity v. U.S. Envtl. Prot. Agency, 847 F.3d 1075, 1086 (9th Cir. 2017) (addressing FIFRA's procedural requirements). Among other things, FIFRA requires manufacturers to register a pesticide with the EPA before introducing it into the market." Nathan Kimmel, Inc., 275 F.3d at 1204. This requires manufacturers to submit to the EPA a proposed label for approval. Id. "FIFRA specifically prohibits the knowing falsification of any application for the registration of a pesticide, including the falsification of 'any information relating to the testing of any pesticide . . . including the nature of any . . . observation made, or conclusion or opinion formed." Id. (quoting 7 U.S.C. §§ 136j(a)(2)(M), 136j(a)(2)(Q)).

While Federal law governs the labeling of pesticides and herbicides, the states may regulate the sale and use of pesticides and herbicides. Taylor AG Indus. v. Pure-Gro, 54 F.3d 555, 563 (9th Cir. 1995). The California Food and Agriculture Code would appear to govern the

---

[4] The term pesticide is defined as including any "any substance or mixture of substances intended for use as a plant regulator, defoliant, or desiccant" which would include herbicides. 7 U.S.C. § 136(t), (u); see Bates v. Dow Agrosciences LLC, 544 U.S. 431, 435 (2005) (Although called an herbicide, they are classified as pesticides for the purposes of FIFRA).

use of pesticides and herbicides at issue in this action.  See Cal. Food & Agric. Code §§ 12972, 12973, 14032, 14033.  Plaintiff's claims regarding violation of environmental laws due to the spraying of the pesticides and herbicides arise under California, not federal, law and do not confer jurisdiction on the federal court.

### G.    State Law Claims

Whether supplemental jurisdiction should be exercised over any state law claims alleged will be considered only if Plaintiff states a federal cause of action conferring jurisdiction on this Court.  Further, those claims being litigated in the State court action of Christopher E. Renfro, et al. v. J.G. Boswell Company, No. 16C-0241, are not properly raised in this action.

### H.    Joinder

Plaintiff is advised that his claims in this action must also comply with Rule 18 and 20 of the Federal Rules of Civil Procedure.  Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact.  Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Here, Plaintiff alleges claims against unrelated defendants that do not arise out of the same transaction or occurrence and do not include common questions of law or fact.  For example, while it is unclear if Plaintiff seeks to proceed on the claims in this action, he alleges violations of employment law and battery claims which have no relation to his claims that he was exposed to herbicides and pesticides.  Plaintiff cannot proceed in a single action on the claims raised in the complaint.  In his amended complaint, Plaintiff must decide which claims he seeks to prosecute in this action and those claims must be properly joined under the federal rules.

# I.     Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Plaintiff shall be granted leave to file an amended complaint to correct the deficiencies identified in this order.

If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' " "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  If Plaintiff is seeking to allege a claim based on fraud, his allegations must be pleaded with particularity.  Fed. R. Civ. P. 9.  This requires Plaintiff to plead with "more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz, 476 F.3d at 764.

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint.  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Additionally, to state a claim Plaintiff must set forth the relief requested.  Fed. R. Civ. P. 8(a)(3).  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Fed. R. Civ. P. 10(b).

Currently, the basis of federal jurisdiction is unclear, as well as what specific claims Plaintiff is attempting to allege in this action.  In his amended complaint, Plaintiff is required to set forth the specific claim including the basis for federal jurisdiction and the specific acts of the named defendants that demonstrate a violation of his federal rights.  **Plaintiff's complaint may not contain any citation to case law or legal argument.**  The only statutory references shall be

for the specific claims alleged and must include sufficient factual allegations to demonstrate a violation of the statute. If Plaintiff fails to do, so this action will be dismissed without leave to amend.

Finally, Plaintiff is required to submit filings that are "clearly legible." Local Rule 130(b). In submitting an amended complaint in compliance with this order, Plaintiff is advised that the complaint must be **double spaced** and use letters no smaller than used in the instant order, Times New Roman 12, and any amended pleading may not exceed twenty-five (25) pages in length.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his federal rights. Plaintiff is granted leave to file an amended complaint within thirty days. <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1213 (9th Cir. 2012). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Iqbal</u>, 556 U.S. at 678-79. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 927 (9th Cir. 2012); <u>Valdez-Lopez v. Chertoff</u>, 656 F.3d 851, 857 (9th Cir. 2011), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

/ / /

/ / /

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint, filed August 9, 2017, is dismissed for failure to state a claim upon which relief may be granted;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

3. Plaintiff's amended complaint shall be **double spaced** and use letters no smaller than used in the instant order, Times New Roman 12, and may not exceed twenty-five (25) pages in length; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 14, 2017**

UNITED STATES MAGISTRATE JUDGE